**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

**LETTER OPINION**

July 2, 2007

**VIA ELECTRONIC FILING**

Bonny G. Rafel, Esq.
570 W. Mt. Pleasant Ave., Suite #106
Livingston, NJ 07039

Douglas E. Arpert, Esq.
Norton, Arpert, Sheehy & Higgins, P.C.
PNC Bank Building
One Garret Mountain Plaza (5th Floor)
West Paterson, NJ 07424

**Re: John Doe v. Hartford Life and Accident Insurance Co.**
**Civil Action No.: 05-2512 (JLL)**

Dear Counsel:

This matter comes before the Court on Plaintiff John Doe's ("Plaintiff") appeal of Magistrate Judge Claire C. Cecchi's March 9, 2007 Order granting Defendant Hartford Life and Accident Insurance Co.'s ("Defendant") motion to compel the depositions of two treating physicians, Drs. David Printz and Frances Levin, M.D. This appeal is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons stated herein, the portion of Magistrate Judge Cecchi's March 9, 2007 Order granting Defendant's motion to compel is AFFIRMED.

## BACKGROUND

As the Court writes only for the parties, a familiarity with the underlying facts in this case will be assumed. Plaintiff suffers from bipolar disorder and brings this action against Defendant, an insurance company, for wrongful denial of long term disability ("LTD") benefits pursuant to §502 of the Employee Retirement Income Security Act ("ERISA").

Defendant alleges that pursuant to the terms of the relevant LTD policy, if a plan participant is disabled "because of Mental Illness that results from any cause," payment of LTD benefits will be discontinued after twenty-four months. (Def. Opp'n Br. at 2). Upon the discontinuation of Plaintiff's LTD benefits, Plaintiff filed an appeal on the basis that Defendant wrongly categorized Plaintiff's bipolar disorder as a "mental illness," within the meaning of the relevant LTD policy. (Def. Opp'n Br. at 1; Ex. A). In so arguing, Plaintiff relied upon the reports and conclusions of Drs. Printz and Levin, both of whom had treated Plaintiff. (Id. at 1; Id., Ex. B at 6). For instance, in Dr. Printz' November 5, 2002 Report, he explained that "bipolar illness is highly biological in nature . . . . It is not caused by any psychological behavioral or emotional factors and is not ameliorated by any psychological intervention." (Def. Opp'n, Ex. A). Moreover, Dr. Printz opined that Plaintiff "does not suffer from 'any psychological, behavioral or emotional disorder or ailment of the mind.'" (Id.).

On March 9, 2007, Magistrate Judge Cecchi held oral argument on Defendant's motion to compel, via conference call. During that conference call, Magistrate Judge Cecchi granted Defendant's motion to compel the depositions of Drs. Printz and Levin, with the understanding that such testimony would be used to "clarify some of the medical terminology in this case." See Tr. (March 9, 2007) at 25:7-19. This Court has reviewed the parties' submissions, as well as the transcript of the March 9, 2007 conference call, and, for the reasons set forth below, affirms Magistrate Judge Cecchi's decision to allow the depositions of Drs. Printz and Levin.[1]

## LEGAL STANDARD

A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Therefore, "this Court will review a magistrate judge's findings of fact for clear error." Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. Bowen v. Parking Auth. of City of Camden, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire

[1] See generally Kosiba v. Merck & Co., 384 F.3d 58, 69 (3d Cir. 2004) (explaining that "[w]hile the District Court may take further evidence to aid in its understanding of the medical issues involved, it must base its ultimate determination on the record before the plan administrator").

& Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).

In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion"). "This deferential standard is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" Lithuanian Commerce Corp., 177 F.R.D. at 214 (quoting Pub. Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir. 1995)). However, a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Lo Bosco, 891 F. Supp. at 1037. A ruling is "contrary to law" when the magistrate judge has misinterpreted or misapplied the applicable law. Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

Because the issues raised in the instant appeal are non-dispositive, this Court will only set aside Magistrate Judge Cecchi's decision if it is clearly erroneous or contrary to law. With this framework in mind, the Court turns now to Plaintiff's appeal.

## DISCUSSION

Plaintiff argues that Magistrate Judge Cecchi's March 9 Order granting Defendant's motion to compel the depositions of Drs. Printz and Levin should be reversed because it essentially allows "de novo factfinding in a case subject to arbitrary and capricious standard of review." (Pl. Reply Br. at 1). In particular, Plaintiff argues that "Magistrate Judge Cecchi's order was contrary to law because the scope of the requested testimony is well beyond the purview of the limited exceptions specified in O'Sullivan v. Metro. Life Ins. Co., 114 F. Supp. 2d 303, 310 (D.N.J. 2000)." (Id. at 2).

The Third Circuit has explained that "in general, the record for arbitrary-and-capricious review of ERISA benefits denial is the record made before the plan administrator, and cannot be supplemented during litigation." Kosiba v. Merck & Co., 384 F.3d 58, 67 n. 5 (3d Cir. 2004). However, the Court went on to provide an exception to the general rule in stating that "the District Court may take further evidence to aid in its understanding of the medical issues involved." (hereinafter referred to as the "medical issues" exception) Id. at 69.

Magistrate Judge Cecchi concluded that the depositions of Drs. Pritz and Levin should be permitted to the extent that "this is being done to really clarify some of the medical terminology in this case. And I think it will be helpful to the Court." See Tr. (March 9, 2007) at 25:7-20. Whether or not this Court agrees with Magistrate Judge Cecchi's determination is irrelevant. See, e.g., Bowen v. Parking Auth. of City of Camden, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002) (explaining that the district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently). The sole issue before

this Court is whether Magistrate Judge Cecchi's finding – that the requested depositions fell within the "medical issues" exception – was clearly erroneous or contrary to law.

Plaintiff points to no factual findings made by Magistrate Judge Cecchi which were clearly erroneous, nor does Plaintiff cite to any legal authority which gives this Court reason to believe that Magistrate Judge Cecchi's decision to allow the foregoing the depositions is contrary to law.[2] To the contrary, Plaintiff concedes that the Court may consider supplemental evidence that falls within the "medical issues" exception.[3] See Tr. (March 9, 2007) at 23:19-20 ("No, but that is precisely what they're entitled to, just to interpret medical terms."). Thus, it appears that the crux of Plaintiff's argument is actually that Magistrate Judge Cecchi abused her discretion in finding that the testimony requested fell within the scope of the "medical issues" exception.

As a preliminary matter, the Court notes that Magistrate Judge Cecchi's ruling on a non-dispositive discovery-related motion is entitled to great deference. See, e.g., Kresefky, 169 F.R.D. at 64. With this in mind, the Court has considered Plaintiff's argument, as well as the relevant caselaw, and notes that Plaintiff cites to no caselaw in support of the argument that the requested depositions fall outside the scope of the "medical issues" exception. In light of the foregoing factors, the Court does not find that Magistrate Judge Cecchi abused her discretion in allowing such depositions to go forward.

Finally, to the extent that Plaintiff simply questions whether such supplemental evidence will ultimately be admissible, or Defendant's true motives in seeking such information, such hypotheticals do not – alone – render Magistrate Judge Cecchi's findings clearly erroneous or contrary to law.[4] Accordingly, Plaintiff's appeal of Magistrate Judge Cecchi's March 9, 2007

---

[2] Plaintiff argues that Magistrate Judge Cecchi's March 9 Order "is completely without legal precedent" because "Hartford can point to no case in the country that permits depositions of treating physicians and the admission of such testimony by the defendant plan administrator." (Pl. Reply Br. at 3). Even assuming, arguendo, that Magistrate Judge Cecchi's March 9th ruling was "completely without legal precedent," that factor – alone – does not make her ruling contrary to law. Furthermore, Plaintiff neglects to mention that during the March 9, 2007 conference call, Magistrate Judge Cecchi specifically asked Plaintiff's counsel, Ms. Bonny Rafel, Esq., whether she had any caselaw indicating that a defendant is prohibited from seeking out additional evidence outside the administrative record to interpret medical terms. See Tr. (March 9, 2007) at 23:13-20. Plaintiff's counsel was unable to provide any such caselaw. Id. Accordingly, the Court finds Plaintiff's argument in this regard to be unavailing.

[3] See Kosiba, 384 F.3d at 67 n. 5.

[4] The fact that the depositions of Drs. Printz and Levin will be permitted does not mean that their testimony – in whole, or in part – will ultimately be admissible. See, e.g., O'Sullivan, 114 F. Supp. 2d at 310 (finding that portions of the treating doctor's deposition testimony were admissible, including "testimony translating medical notes in the claim file, or testimony explaining medical terms used in documents within the file," while finding that other portions

Order is denied.

## CONCLUSION

For the reasons set forth above, Magistrate Judge Claire C. Cecchi's March 9, 2007 Order granting Defendant's motion to compel the depositions of Drs. Printz and Levin is hereby affirmed. An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

extended beyond the scope of the administrative record and could not be considered by the court).